CARAWAY, J.,
concurring in part and dissenting in part.
hi concur with the majority’s affirmance of the trial court’s overall judgment with the exception of the award of $345,000 for future lost wages. I dissent as to that award which must be lowered to account for the time value of money.
The trial court’s calculation was based upon the evidence that plaintiff would have been expected following the trial to earn $1,250 per month for the next 23 years or 276 months following the trial. The award of $345,000 was therefore calculated by $1,250 times 276. A lump sum award for damages that will arise in the future must be discounted to take into account the time value of money, i.e., money awarded today can be invested to earn a return. See, Jones & Laughlin Steel Corp. v. Pfeifer, 462 U.S. 523, 103 S.Ct. 2541, 76 L.Ed.2d 768 (1983). In my opinion, this is an error patent in the financial mathematics of the trial court’s award. At a conservative minimum with an expected return of 4% per annum, the award should be discounted to $230,000. With this calculation error, the judgment should be amended.